■ In the Matter of the Claim of ANTONIA POLITIS, Appellant. COMMISSIONER OF LABOR, Respondent. [947 NYS2d 228]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 30, 2011, as amended by decision filed April 14, 2011, which dismissed claimant's appeal from a decision of the Administrative Law Judge as untimely.

Claimant was discharged from her employment at a day spa, applied for unemployment insurance benefits and was originally determined to be eligible for benefits. After claimant failed to appear at the hearing requested by the employer, a default decision was entered overruling the initial determination of eligibility. Claimant's motion to reopen the claim was denied in a decision filed January 6, 2010. Claimant thereafter waited until November 8, 2010 to appeal the ALJ's decision. The Unemployment Insurance Appeal Board declined to consider the appeal because it was not timely filed and claimant failed to offer a reasonable excuse. Claimant now appeals and we affirm.

"Labor Law § 621 (1) requires that an appeal to the Board from an ALJ's decision must be made within 20 days of the date the decision is mailed or personally delivered . . . and the statutory time limit is strictly construed" (*Matter of Green [Commissioner of Labor]*, 87 AD3d 1222, 1222 [2011] [internal quotation marks and citations omitted]; *see Matter of Page [Commissioner of Labor]*, 65 AD3d 722, 722-723 [2009]). Here, claimant failed to offer any excuse for her untimely appeal, and her arguments regarding the underlying merits of the denial of her application for unemployment insurance benefits are not properly before us (*see Matter of Page [Commissioner of Labor]*, 65 AD3d at 723; *Matter of Harris [Commissioner of Labor]*, 45 AD3d 1031, 1032 [2007]). Thus, the Board's dismissal of claimant's appeal must be affirmed (*see Matter of Harris [Commissioner of Labor]*, 45 AD3d at 1032).

Mercure, J.P., Lahtinen, Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.